UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| **DUSTIN MOORE, ROY LEWIS, JOSH BLASCHKE, JUSTIN BLASCHKE, JULIO MORENO, and JUSTIN HERRERA, Each Individually and on Behalf of All Others Similarly Situated, PLAINTIFFS**<br><br>**vs.**<br><br>**PERFORMANCE PRESSURE PUMPING SERVICES, LLC; and EPIC WIRELINE SERVICES, LLC,  ANTOINE BROUSSARD JR, JAMES RAPATTONI, WILLIAM RIGBY, SR., AND TERRY LANE, INDIVIDUALLY AND AS OFFICERS OF CORPORATE DEFENDANTS** | CASE No. 5:15-cv-432-RP |

<u>**SECOND AMENDED AND SUBSTITUTED COMPLAINT**</u>

COME NOW Plaintiffs Dustin Moore, Roy Lewis, Josh Blaschke, Justin Blaschke, Julio Moreno and Justin Herrera (collectively, "Plaintiffs") and they file this Second Amended and Substituted Complaint ("Complaint") against Performance Pressure Pumping Services, LLC ("Performance"), Epic Wireline Services, LLC ("Epic"), Antoine Broussard Jr, James Rapattoni, William Rigby, Sr., and Terry Lane, individually and as officers of corporate Defendants (collectively "Defendant").

**PRELIMINARY STATEMENTS**

1.      This is an action brought by Plaintiffs, each individually and on behalf of all others similarly situated, against Defendant.

2.      The proposed classes consist of Defendant's Field Hands, Operators, Wireline Operators and/or Engineers who, during the applicable time period, were denied their fundamental

rights under applicable federal wage and hour laws.

3.      The proposed classes seek recovery of monetary damages for all overtime worked by Plaintiffs and the putative class members.

4.      Plaintiffs, both individually and on behalf of all others similarly situated, bring this action under the Fair Labor Standards Act, 29 US.C. § 201, *et seq.* ("FLSA"), for declaratory judgment, monetary damages, liquidated damages, and costs, including reasonable attorney's fees as a result of Defendant's commonly applied policy and practice of failing to pay Plaintiffs and all others similarly situated overtime compensation for hours worked in excess of forty hours in a single week.

5.      Upon information and belief, for at least three years prior to the filing of this lawsuit, Defendant willfully and/or intentionally violated the FLSA.

6.      Each Plaintiff has filed a written Consent to Join this lawsuit pursuant to Section 216 of the FLSA.

## THE PARTIES

A.      **Plaintiffs**

**Dustin Moore**

7.      Plaintiff Dustin Moore is a resident and citizen of Shreveport, Louisiana.

8.      Plaintiff Dustin Moore was employed by Defendant to work in oilfields in Texas, including in the Eagle Ford shale in Southwest Texas.

9.      At all times relevant hereto Moore was misclassified as exempt from overtime wages and paid on an hourly basis, together with a series of non-discretionary bonuses.

10.     Moore's dates of employment are as follows:  from November of 2014 until April of 2015.  Moore was a Field Hand and Engineer.

**Roy Lewis**

11.     Plaintiff Roy Lewis is a resident and citizen of Bossier City, Louisiana.  He was employed by Defendant to work in oilfields in Texas, including in the Eagle Ford shale in Southwest Texas.

12.     At all times relevant hereto Lewis was misclassified as exempt from overtime wages and paid a salary, together with a series of non-discretionary bonuses.

13.     Lewis's dates of employment are as follows:  from December of 2014 until March 28, 2015.  Lewis was a Field Hand and Engineer.

**Josh Blaschke**

14.     Plaintiff Josh Blaschke is a resident and citizen of San Marcos, Texas.  He was employed by Defendant to work in oilfields in Texas, including in the Eagle Ford shale in Southwest Texas.

15.     At all times relevant hereto Josh Blaschke was misclassified as exempt from overtime wages and paid a salary, together with a series of non-discretionary bonuses.

16.     Josh Blaschke's dates of employment are as follows:  from June 6, 2013, until August of 2014.  Josh Blaschke was a Field Hand and Engineer.

**Justin Blaschke**

17.     Plaintiff Justin Blaschke is a resident and citizen of Spring Branch, Texas.  He was employed by Defendant to work in oilfields in Texas, including in the Eagle Ford shale in Southwest Texas.

18.     At all times relevant hereto Justin Blaschke was misclassified as exempt from overtime wages and paid a salary, together with a series of non-discretionary bonuses.

19.     Justin Blaschke's dates of employment are as follows:  from January of 2013 until November of 2014. Justin Blaschke was a Field Hand and Engineer.

**Julio Moreno**

20.     Plaintiff Julio Moreno is a resident and citizen of Abilene, Texas.  He was employed by Defendant to work in oilfields in Texas, including in the Eagle Ford shale in Southwest Texas.

21.     At all times relevant hereto Julio Moreno was misclassified as exempt from overtime wages and paid on an hourly basis, together with a series of non-discretionary bonuses.

22.     Julio Moreno's dates of employment are as follows:  from July of 2013 until November of 2013. Moreno was a Field Hand and Engineer.

**Justin Herrera**

23.     Plaintiff Justin Herrera is a resident and citizen of LaVernia, Texas.  He was employed by Defendant to work in oilfields in Texas, including in this District and Division.

24.     At all times relevant hereto Justin Herrera was denied overtime pay, was paid on an hourly basis, together with a series of non-discretionary bonuses.

25.     Justin Herrera dates of employment are as follows:  from October of 2014 until January of 2015. Moreno was a Field Hand.

**B.      Defendants**

**Performance**

26.     Performance is a for-profit, domestic limited liability company created and existing under and by virtue of the laws of Texas, registered to do business in the State of Texas, providing products and services in the oil and gas industry, throughout the United States in those areas in which fracking is a viable business.

27.     Performance has annual gross revenues exceeding $500,000.00.

28.     Performance's principal address is P.O. Box 20458 Beaumont, Texas 77720, with a business location at 4116 IH-10 West Seguin, Texas 78155, and 1530 Windway Street, Odessa, Texas 79763.

29.     Performance's registered agent for service in the State of Texas is Antoine

Broussard, Jr., of 4825 Elmwood Lane, Beaumont, Texas 77706.

30.     Performance was at all times relevant hereto Plaintiffs' employer and is and has been engaged in interstate commerce as that term is defined under the FLSA.

31.     Performance can be served within the State of Texas.

**Epic**

32.     Epic is a for-profit, domestic limited liability company created and existing under and by virtue of the laws of Texas, registered to do business in the State of Texas, providing products and services in the oil and gas industry, throughout the United States in those areas in which fracking is a viable business.

33.     Epic has annual gross revenues exceeding $500,000.00.

34.     Epic's principal address is P.O. Box 20458, Beaumont, Texas 77720, with a business location at 4116 I-10 West Seguin, Texas 78155, and 1530 Windway Street, Odessa, Texas 79763.

35.     Epic's registered agent for service in the State of Texas is United States Corporation Agents, Inc., of 9900 Spectrum Drive, Austin, Texas 78717.

36.     Epic was at all times relevant hereto Plaintiffs' employer and is and has been engaged in interstate commerce as that term is defined under the FLSA.

37.     Epic can be served within the State of Texas.

38.     The businesses Epic and Performance are interrelated in as much as Performance is the Manager, Director and/or Managing Member of Epic, and they share business locations and business functions.

39.     Specifically, both Epic and Performance share the same home office location where payroll processing, insurance, and accounting work is done for both companies no matter what company the particular Field Hand or engineer works for at any particular time.

40.     Epic and Performance also both share offices and operations at West Seguin,

Beaumont and Odessa office locations.

**Antoine Broussard Jr.**

41.     Antoine Broussard Jr. is a resident of Texas and at all times relevant to this Complaint, was an officer and president of Performance.

42.     At all times relevant hereto, Antoine Broussard Jr. was an officer and member of Epic.

43.     At all times relevant hereto, Antoine Broussard Jr. had operational control over Performance and Epic.

44.     At all times relevant hereto, Antoine Broussard Jr. had the power to hire and fire employees of Performance, supervised and set wages and wage policies for Performance's and Epic's employees.

45.     At all times relevant hereto, Antoine Broussard Jr. was the Performance's and Epic's employer as that term is defined under the FLSA.

**James Rapattoni**

46.     James Rapattoni is a resident of Texas and at all times relevant to this Complaint, was an officer and Chief Executive Officer of Performance.

47.     At all times relevant hereto, James Rapattoni was an officer and member of Epic.

48.     At all times relevant hereto, James Rapattoni had operational control over Performance and Epic.

49.     At all times relevant hereto, James Rapattoni had the power to hire and fire employees of Performance, supervised and set wages and wage policies for Performance's and Epic's employees.

50.     At all times relevant hereto, James Rapattoni was the Performance's and Epic's employer as that term is defined under the FLSA.

**William Rigby Sr.**

51.     William Rigby Sr. is a resident of Texas and at all times relevant to this Complaint, was an officer, Chief Executive Officer, and Vice-President of Performance.

52.     At all times relevant hereto, William Rigby Sr. was an officer and member of Epic.

53.     At all times relevant hereto, William Rigby Sr. had operational control over Performance and Epic.

54.     At all times relevant hereto, William Rigby Sr. had the power to hire and fire employees of Performance, supervised and set wages and wage policies for Performance's and Epic's employees.

55.     At all times relevant hereto, William Rigby Sr. was the Performance's and Epic's employer as that term is defined under the FLSA.

**Terry Lane**

56.     Terry Lane is a resident of Louisiana and at all times relevant to this Complaint, was an officer and Operations President of Performance and Epic.

57.     At all times relevant hereto, Terry Lane had operational control over Performance and Epic.

58.     At all times relevant hereto Terry Lane had the power to hire and fire employees of Performance, supervised and set wages and wage policies for Performance's and Epic's employees.

59.     At all times relevant hereto, Terry Lane was the Performance's and Epic's employer as that term is defined under the FLSA.

JURISDICTION AND VENUE

60.     The United States District Court for the Western District of Texas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

61.     The acts complained of herein were committed and had their principal effect against the named Plaintiffs herein within the San Antonio Division of the Western District of Texas; therefore, venue is proper within this District pursuant to 28 U.S.C. § 1391.

## COLLECTIVE ACTION ALLEGATIONS

62.     Plaintiffs bring this collective action on behalf of all persons similarly situated as Field Hands, Operators, Wireline Operators and/or Engineers who were, are or will be employed by Defendant and were improperly misclassified as exempt from payment of the overtime premium at any time within the applicable statute of limitations period, who are entitled to payment for overtime wages which Defendant failed to pay due to the intentional misclassification of Plaintiffs and of those similarly situated.

63.     Plaintiffs assert violations of the FLSA on behalf of all persons who were employed by Defendant as Field Hands, Operators, Wireline Operators and/or Engineers and who were misclassified (as exempt, but were in fact non-exempt) hourly employees from three years prior to the date of the filing of this lawsuit, through the time of the trial of this case.

64.     Plaintiffs are unable to state the exact number of the class but believe that the class membership exceeds 50 persons but is less than 250 persons. Defendant can readily identify the members of the classes, who are a certain portion of the current and former employees of Defendant.

65.     The names and physical and mailing addresses of the probable FLSA collective action Plaintiffs are available from Defendant, and notice should be provided to the probable FLSA collective action Plaintiffs via first class mail to their last known physical and mailing addresses as soon as possible.

66.     The email addresses of many of the probable FLSA collective action Plaintiffs are available from Defendant, and notice should be provided to the probable FLSA collective action Plaintiffs via email to their last known email address as soon as possible.

67.     Oilfield workers are by definition not at their residences as frequently as many other working-class Americans. As such, they rely on email just as much as, or more than, typical wage earners, who themselves live their lives with a growing dependence on email.

68.     The proposed FLSA class members are similarly situated in that they have been subject to uniform practices by Defendant which violated the FLSA, including:

   a.  Defendant's uniform misclassification of them as exempt employees under the FLSA; and

   b.  Defendant's failure to pay members of the class overtime compensation in violation of the FLSA, 29 U.S.C. § 201 et seq.

### FACTUAL ALLEGATIONS

**A.     Plaintiffs**

69.     Plaintiffs repeat and re-allege all previous paragraphs as though fully incorporated herein.

70.     Plaintiffs were employees of Defendant within the last three years.  Plaintiffs were classified as salaried employees during most of that time period.

71.     Upon commencement of work at Defendant, Plaintiffs did not sign any contract of employment setting forth their hours or wages.  Their annual compensation was not less than $455.00 per week nor more than $100,000.00 per year.

72.     In performing their services for Defendant, Plaintiffs were not required to utilize any professional education relevant to their job duties.

73.     Plaintiffs' primary duties as Field Hands, Operators, Wireline Operators and/or Engineers were to assist in fracking oil and gas wells and to operate wire line equipment at the wells.

74.     Plaintiffs were classic blue-collar workers, spending their physical, demanding, long shifts outdoors in the elements, and not in an office.

75.     During the course of their employment, Plaintiffs did not manage the enterprise or a customarily recognized subdivision of the enterprise.

76.     Plaintiffs did not select any employees for hire nor did they provide any formal training for any employee.  Plaintiffs had no ability to hire and fire any employee.

77.     Plaintiffs did not have any control of or authority over any employee's rate of pay or working hours.

78.     Plaintiffs did not maintain or prepare production reports or sales records for use in supervision or control of the business.

79.     Similarly, Plaintiffs did not have any responsibility for planning or controlling budgets.

80.     On average, Plaintiffs worked approximately seventy (70) to ninety (90) hours per week.  They did not receive any overtime compensation.

81.     Plaintiffs benefited from participation in a plan by which they were eligible for and did in fact often receive non-discretionary bonuses in addition to his salary.

82.     Plaintiffs and Defendant had no agreement that their salary would be the entirety of their pay, nor did they agree that their salary was intended to cover all hours worked.

83.     Plaintiffs did not receive overtime premiums for hours worked in excess of 40 in a workweek.

84.     Plaintiffs worked more than 40 hours in almost all workweeks during which they were employed by Defendant.

## CLASS ACTION ALLEGATIONS

85.     Plaintiffs repeat and re-allege all previous paragraphs as though fully incorporated

herein.

86.     Plaintiffs bring this collective action to recover monetary damages owed by Defendant to Plaintiffs and members of the putative Class for all the overtime compensation for all the hours he and they worked in excess of forty (40) each week.

87.     Plaintiffs bring this action on behalf of themselves and all other similarly situated employees, former and present, who were and/or are affected by Defendant's willful and intentional violation of the FLSA.

88.     In addition, and in the alternative, Plaintiffs bring this action in his individual and personal capacity, separate and apart from the class claims set forth herein.

89.     Plaintiffs also bring this claim for relief for violation of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b). The Collective Classes are defined as follows:

CLASS A

**All former, current and future employees of Defendant who were employed as salaried Field Hands, Operators, and/or Wireline Operators during the statutory period.**

CLASS B

**All former, current and future employees of Defendant who were employed as hourly Field Hands, Operators, and/or Wireline Operators during the statutory period**

90.     This action is properly brought as a class action pursuant to the collective action procedures of the FLSA.

91.     The Classes are so numerous that joinder of all members is impractical.  While the exact number and identities of Class members are unknown at this time, and can only be ascertained through appropriate discovery, Plaintiffs believe that at least fifty putative class members have worked for Defendant without appropriate pay, as described herein, throughout the applicable

statutory period.

### FIRST CLAIM FOR RELIEF

#### (Individual Claim for Violation of FLSA)

92.     Plaintiffs repeat and re-allege all the preceding paragraphs of this Complaint above, as if fully set forth herein.

93.     Defendant intentionally misclassified Plaintiffs as exempt from overtime compensation.

94.     Defendant deprived Plaintiffs of overtime compensation for all of the hours over forty (40) per week in violation of the FLSA.

95.     Defendant's conduct and practices, as described above, were willful, intentional, unreasonable, arbitrary and in bad faith.

96.     By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiffs for monetary damages, liquidated damages and costs, including reasonable attorney's fees provided by the FLSA for all violations which occurred beginning at least three (3) years preceding the filing of Plaintiffs' initial complaint, plus periods of equitable tolling.

97.     Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiffs as provided by the FLSA, Plaintiffs are entitled to an award of prejudgment interest at the applicable legal rate.

### SECOND CLAIM FOR RELIEF

#### (Collective Action Claim for Violation of FLSA against Plaintiffs and All Those Similarly Situated Class Members)

98.     Plaintiffs repeat and re-allege all the preceding paragraphs, as if fully set forth herein.

99.     Defendant required Plaintiffs and similarly situated members of the classes to work

in excess of forty (40) hours each week but failed to pay Plaintiffs and the class members overtime compensation for all of the hours in excess of forty (40) in each workweek.

100.    Defendant deprived Plaintiffs and the class members overtime compensation for all of the hours over forty (40) per week, in violation of the FLSA.

101.    Defendant's conduct and practice, as described above, were/are willful, intentional, unreasonable, arbitrary and in bad faith.

102.    By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiffs and similarly situated members of the classes for monetary damages, liquidated damages and costs, including reasonable attorney's fees provided by the FLSA.

103.    The entirety of both putative classes were eligible for the same non-discretionary bonuses as were Plaintiffs.

### EQUITABLE TOLLING

104.    Plaintiffs repeat and re-allege all the preceding paragraphs, as if fully set forth herein, pleading in the alternative.

105.    Defendant failed to apprise Plaintiffs and the collective class members of their rights under the FLSA by posting USDOL-compliant notices in the workplaces of Plaintiffs and the class members.

106.    Plaintiffs and the class members are entitled to a just and reasonable amount of equitable tolling.

### WILLFULNESS

107.    Plaintiffs repeat and re-allege all the preceding paragraphs, as if fully set forth herein.

108.    All actions by Defendant were willful and not the result of mistake or inadvertence.

109.    Defendant knew or should have known that the FLSA applied to the operation of its oil and gas well operations at all relevant times.

110.    Defendant knew of or should have been aware of previous litigation and enforcement actions relating to wage and hour violations involving the misclassification of positions very similar to Engineers and Field Hands.

111.    Law in support of the position taken by Plaintiffs in this lawsuit is reflected in the U.S. Department of Labor – Wage and Hour Division Fact Sheet #17B. Significantly, the information in the Fact Sheet predates the intentional non-payment of overtime planned and committed by Defendant within the time period of the statute of limitations that is applicable to this case.

112.    Despite being on notice of its violations, Defendant chose to continue to misclassify Plaintiffs and other members of the proposed collective class and withhold overtime wages to them in an effort to enhance its profits.

113.    Additionally, upon information and belief, some members of the proposed collective class from time to time complained to Defendant about the unlawfulness of Defendant's manner of payment and policies related to improper payment procedures.

## XI.

## **PRAYER FOR RELIEF**

WHEREFORE, premises considered, Plaintiffs Dustin Moore, Roy Lewis, Justin Blaschke, Josh Blaschke, Julio Moreno and Justin Herrera, each individually and on behalf of all others similarly situated, respectfully pray for declaratory relief and damages as follows:

(a)    That each Defendant be summoned to appear and answer herein;

(b)    That each Defendant be required to account to Plaintiffs, the class members, and the Court for all of the hours worked by Plaintiffs and the class member and all monies paid to them;

(c)    A declaratory judgment that Defendant's practices alleged herein violate the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.*, and attendant regulations at 29 C.F.R. §516 *et seq.;*

(d)      Certification of, and proper notice to, together with an opportunity to participate in the litigation, all qualifying current and former employees;

(e)      Judgment for damages for all unpaid overtime compensation under the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.*, and attendant regulations at 29 C.F.R. §516 *et seq.;*

(e)      Judgment for liquidated damages pursuant to the Fair Labor Standards Act, 29 US.C. §201, *et seq.*, and attendant regulations at 29 C.F.R. §516 *et seq.*, in an amount equal to all unpaid overtime compensation owed to Plaintiffs and members of the Class during the applicable statutory period;

(f)      An order directing Defendant to pay Plaintiffs and members of the Class prejudgment interest, reasonable attorney's fees and all costs connected with this action; and

(g)      Such other and further relief as this Court may deem necessary, just and proper.

Respectfully submitted,

**DUSTIN MOORE, ROY LEWIS, JUSTIN BLASCHKE, JOSH BLASHCKE, JULIO MORENO and JUSTN HERRERA, Each Individually and on behalf of All Others Similarly Situated, PLAINTIFFS**

**FIBICH, LEEBRON, COPELAND, BRIGGS & JOSEPHSON**

MICHAEL A. JOSEPHSON
Texas State Bar No. 24014780
mjosephson@fibichlaw.com

ANDREW DUNLAP
Texas State Bar No. 24078444
adunlap@fibichlaw.com

LINDSAY R.ITKIN
Texas State Bar No. 24068647
litkin@fibichlaw.com
1150 Bissonnet Houston, TX  77005
Telephone: (713) 751-0025
Facsimile: (713) 751-0030

and

**BRUCKNER BURCH, PLLC**

RICHARD J. (REX) BURCH
Texas State Bar No. 24001807
rburch@brucknerburch.com
8 Greenway Plaza, Suite 1500
Houston, Texas 77046
Telephone: (713) 877-8788
Facsimile: (713) 877-8065

and

SANFORD LAW FIRM, PLLC
One Financial Center
650 South Shackleford Road, Suite 411
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040

By:      */s/ Josh Sanford*
Josh Sanford
Texas. Bar No. 24077858
josh@sanfordlawfirm.com

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing was electronically filed with the Clerk for the U.S. District Court, Western District of Texas, San Antonio Division, on April 5, 2017, using the Electronic Case Filing system of the Court. A true and correct electronic copy of the Complaint is to be delivered by the ECF system to the attorneys listed below:

Shauna Johnson Clark, Esq.
Heather Sherrod, Esq.
Norton Rose Fulbright US LLP
1301 McKinney, Suite 5100
Houston, Texas 77010-3095
Telephone: (713) 651-5151
Facsimile: (713) 651-5246
shauna.clark@nortonrosefulbright.com
heather.sherrod@nortonrosefulbright.com

/s/ Josh Sanford
**JOSH SANFORD**