UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| **DUSTIN MOORE, ROY LEWIS, JOSH BLASCHKE, JUSTIN BLASCHKE, JULIO MORENO, and JUSTIN HERRERA, Each Individually and on Behalf of All Others Similarly Situated,** § § § § § § § *Plaintiffs,* § § v. § § **PERFORMANCE PRESSURE PUMPING SERVICES, LLC; and EPIC WIRELINE SERVICES, LLC, ANTOINE BROUSSARD, JR, JAMES RAPATTONI, WILLIAM RIGBY SR., and TERRY LANE, INDIVIDUALLY and as OFFICERS OF CORPORATE DEFENDANTS,** § § § § § § § § § § *Defendants.* § § | CASE NO. 5:15-cv-432-RP |

## DEFENDANT TERRY LANE'S MOTION FOR SUMMARY JUDGMENT

Defendant Terry Lane ("Lane") files this Motion for Summary Judgment, and respectfully shows the Court as follows:

### BACKGROUND

This is an overtime case under the Fair Labor Standards Act that was initiated on May 26, 2015 (*Docket #1*), which was consolidated (*Docket #27*) with a prior case that had been filed a month earlier. An amended complaint was filed on October 14, 2015. *Docket #39*. On February 16, 2016, Plaintiffs sought leave to file a Second Amended Complaint, seeking to add additional defendants, including Lane. *Docket #86*. That request was denied on March 7, 2016. *Docket #98*.

Lane was deposed as a witness on March 23, 2016. *Exhibit #1*.[1] On May 13, 2016, Plaintiffs reurged their motion for leave to file a second amended complaint (*Docket #120*), and the Court granted their motion on March 31, 2017. *Docket #133*. Plaintiffs' Second Amended Complaint was filed on April 5, 2017, naming Lane as a co-defendant, along with several other individuals. *Docket #134*. Lane filed his answer and defenses on June 25, 2017. *Docket #143*. Lane now moves for summary judgment because he is not an employer as defined by the FLSA.

## FACTS

Lane is a high school graduate. He never attended college. Throughout his career, he has never been responsible for pay practices of any company. *Ex. #2, ¶2*.

Lane became employed by Epic/Performance in about late January or early February 2014. *Ex. #2, ¶3*. Tony Brossard and Bill Rigby heavily recruited him while he was working somewhere else, and Broussard hired him. *Id*. Lane reported to Broussard, but sometimes he reported to Rigby when Broussard was not available. *Id*. His position was first Vice President of Operation, and then Broussard changed his title to President of Operations in mid-2015. *Id*. Despite the change in the job title, his job duties were the same. *Id*.

Lane basically acted as a go-between between corporate and the field employees. *Ex. #2, ¶4*. Micah Norton reported to him, and they would discuss operational problems in the field (such as perforating guns not firing or losing tools in the hole) and issues with vendors (such as not being able to get supplies because corporate had not paid them or the need for adding new vendors). *Id*. A significant portion of his job was to help develop the business of Epic/Performance by meeting with third parties, bridge the gap and improve communications between corporate and field staff,

---

[1] The entire deposition is attached.

and guide the operations in the field to be more efficient. *Id*. Lane did not have an office. *Ex. #2, ¶5*. Instead, he worked mostly in the field (out of his truck) and traveled to various district offices.

Lane did not decide the rate or method of pay for any employees, including whether they would be paid hourly or salary. *Ex. #2, ¶6*. This decision had already been made before he joined the company in February 2014. *Id*. Lane did not set, nor control, work schedules for employees. *Ex. #2, ¶7*. Schedules were already in place when he joined the company and others did the schedules on a periodic basis. *Id*.

Lane was not responsible for maintaining personnel files or pay records. *Ex. #2, ¶8*. He did not handle anything related to payroll. *Ex. #2, ¶9*. He did not collect time sheets or track work hours, and he did not decide or approve work hours. *Id*.

Lane was also not involved in any financial decision-making for Epic/Performance. *Ex. #2, ¶11*. Sometimes he provided input as to whether new equipment was needed, but he would not make the decision as to whether to actually make a large purchase. *Id*.

Lane occasionally recommended people for hiring, such as field employees he had previously worked with. *Ex. #2, ¶12*. But Norton would interview them and Broussard would make the decision as to whether to hire that person. *Id*. Broussard and Rigby once said they needed a safety person, and Lane asked about his daughter because she had the certifications and experience. Broussard and Rigby interviewed her (Lane did not), and they made the decision to hire her and determine her rate and method of pay. *Id*.

The initial decision to actually fire an employee was usually made by the managers in the field but was always discussed with Broussard to get his approval. *Ex. #2, ¶13*. Lane would act as a middle-man with respect to communicating the termination recommendation from the field manager to Broussard, and then Broussard's approval back to the manager. *Id*. Except for only

one situation where Lane informed an employee about his termination (because the manager was not available), Lane was generally not the one to terminate the employee. *Id*.

Lane never created any operating policies or procedures for Epic/Performance. *Ex. #2, ¶14*. He also never created any compensation or pay-related policies or procedures for Epic/Performance. *Id*.

Before Lane's deposition in this case (on March 23, 2016), he was only vaguely aware about this lawsuit. *Ex. #2, ¶15*. He was not involved in meetings between Rigby and Broussard regarding this lawsuit. *Id*. In fact, Lane did not even know what this lawsuit was about until about a week before his deposition. *Id*.

In late June 2016, Lane quit his job with Epic/Performance. *Ex. #2, ¶17*. Lane called Broussard and told him he was resigning. *Id*. A few weeks later, Broussard called Lane and told him that he had been fired. *Id*. Lane did not speak to Broussard after that. *Id*.

## SUMMARY OF ARGUMENT

Based on the undisputed facts and the Fifth Circuit standard, Lane was not an employer as defined by the FLSA.

## ARGUMENT

I. Standard

Under the FLSA, an employer "includes any person acting directly or indirectly in the interest of an employer in relation to an employee." 29 U.S.C. § 203(d). The Fifth Circuit utilizes an "economic realities" test to determine whether an individual may be an employee. "To determine whether an individual or entity is an employer, the court considers whether the alleged employer: (1) possessed the power to hire and fire employees; (2) supervised or controlled employee work schedules or conditions of employment; (3) determined the rate or method of

payment; and (4) maintained employee records." *Gray v. Powers*, 673 F.3d 352, 355 (5th Cir. 2012). "Merely holding the position as an officer or shareholder of a company does not qualify an individual as an employer under the FLSA where the operational control does not exist." *Guyton v. Legacy Pressure Control*, 2017 U.S. Dist. LEXIS 7836, *7, c.a. no. 5:15-cv-1075-RCL (W.D. Tex. Jan. 18, 2017).

The undisputed evidence in this case, as it pertains to Lane, unequivocally shows that he did not: a) supervise or control employee work schedules or conditions of employment, b) determine the rate or method of payment of employees, and c) maintain employee records. Plaintiffs have no evidence at all that may arguably support three of the elements of the economic realities test.

The only factor that may potentially favor Plaintiffs is that Lane was remotely involved in hiring and firing matters. However, as explained above, his involvement was extremely limited and there is no authority that supports such a limited role sufficient enough to establish employer status under the FLSA. Notably all decisions were ultimately made by Broussard, and job interviews were conducted by Norton. At most, Lane may have recommended potential employees for hiring and he carried out one employee termination because the manager was not available; however, even so, he was not the decision-maker. Furthermore, in nearly any employment context, employees may recommend others for possible hire; however, that does not mean such an employee becomes an employer as defined under the FLSA. Finally, Lane had no involvement whatsoever with any of the named Plaintiffs.

It is also important to note that much of the potential time period of this lawsuit covers a period of time before Lane was hired in February 2014. In fact, based on Plaintiffs' allegations, three of the named plaintiffs (Josh Blashke, Justin Blashke, and Julio Moreno) were apparently

hired, and one plaintiff (Moreno) was terminated, prior to Lane being hired. *See Docket #134, ¶¶14-22*.

Based on the foregoing, Lane does not meet the Fifth Circuit standard to show that he was an employer. *See Gray*, 673 F.3d at 355; *see also Orozco v. Plackis*, 757 F.3d 445 (5th Cir. 2014) (reversing a jury verdict and ruling in favor of the individual defendant because there was insufficient evidence to find that he was an employer under the FLSA). Therefore, summary judgment is appropriate, and Lane must be dismissed from this lawsuit with prejudice.

## PRAYER

Lane respectfully requests that the Court grant his motion for summary judgment and dismiss him from this lawsuit, with prejudice. Lane also requests any other relief to which he is justly entitled.

Respectfully submitted,

SUD LAW P.C.

*/s/ Nitin Sud*
Nitin Sud
State Bar No. 24051399
Fed. ID No. 611307
6750 West Loop South
Suite 920
Bellaire, Texas 77401
Phone: 832-623-6420
Fax: 832-304-2552
Email: nsud@sudemploymentlaw.com

*Attorney for Defendant Terry Lane*

## **CERTIFICATE OF SERVICE**

 I certify that a true and correct copy of the foregoing was electronically filed with the Clerk for the U.S. District Court, Western District of Texas, San Antonio Division, on January 5, 2018, using the Electronic Case Filing system of the Court.  A true and correct electronic copy of the foregoing is to be delivered by the ECF system to the attorneys listed below:

Michael A. Josephson, Esq.
mjosephson@fibichlaw.com

Andrew Dunlap, Esq.
adunlap@fibichlaw.com

Lindsay R. Itkin, Esq.
litkin@fibichlaw.com

Richard J. (Rex) Burch, Esq.
rburch@bruchnerburch.com

Josh Sanford, Esq.
josh@sanfordlawfirm.com

                */s/ Nitin Sud*
                Nitin Sud