IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

**DUSTIN MOORE, ROY LEWIS,**                                           **PLAINTIFFS**
**JOSH BLASCHKE, JUSTIN BLASCHKE,**
**JULIO MORENO, and JUSTIN HERRERA,**
**Each Individually and on behalf of**
**Others Similarly Situated**

vs.                                   5:15-cv-432-RC
                                      Consolidated with 5:15-cv-346-RCL

**PERFORMANCE PRESSURE PUMPING**                                      **DEFENDANTS**
**SERVICES, LLC, and EPIC WIRELINE**
**SERVICES, LLC.**

## PLAINTIFFS' MOTION FOR AWARD OF ATTORNEYS' FEES AND COSTS

COMES NOW Plaintiffs Dustin Moore, Roy Lewis, Josh Blaschke, Justin Blaschke, Julio Moreno and Justin Herrera, each individually and on behalf of all others similarly situated ("Plaintiffs"), by and through their attorney Josh Sanford of Sanford Law Firm, PLLC, and for their Motion for Award of Attorneys' Fees and Costs against Defendants, and in support thereof they do hereby state and allege as follows:

1.      The Court entered judgment on behalf of Plaintiffs on March 29, 2019. Plaintiffs timely file this Motion pursuant to Rule 54(d) and Local Rule CV-7(j).

2.      Plaintiffs now move for attorney's fees pursuant to 29 U.S.C. § 216(b) in the total amount of $173,356.50, and costs in the amount of $12,832.75. The fees and costs incurred are reasonable and necessary to the prosecution of Plaintiffs' claims, and Plaintiffs' counsel exercised billing judgment in arriving at the total amount requested.

3.      As discussed in the memorandum, Plaintiffs' request for fees is fair.

**Page 1 of 11**
**Dustin Moore, et al. v. Performance Pressure Pumping Services, LLC, et al.**
**U.S.D.C. (W.D. Tex.) Case No. 5:15-cv-432-RCL, 5:15-cv-346-RCL**
**Motion for Award of Attorneys' Fees and Costs**

## MEMORANDUM OF LAW

A.   Legal Standards

In an action under the FLSA, the Court "shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b). An award of attorney's fees under the FLSA "must reflect the obvious congressional intent that the policies enunciated in [29 U.S.C. § 202] be vindicated, at least in part, through private lawsuits." *United Slate, Local 307 v. G & M Roofing & Sheet Metal Co.*, 732 F.2d 495, 502 (6th Cir. 1984). "A court has no discretion to determine whether to award fees and costs," but rather "[d]iscretion applies only to the amount and the reasonableness of the fee." *Singer v. City of Waco*, 2001 U.S. Dist. LEXIS 27106, *5 (W.D. Tex. Nov. 13, 2001).

The Fifth Circuit uses a two-step process to calculate attorney's fees. *See Black v. SettlePou, P.C.*, 732 F.3d 492, 502–503 (5th Cir. 2013). First, "[t]he lodestar is calculated by multiplying the number of hours an attorney reasonably spent on the case by an appropriate hourly rate, which is the market rate in the community for this work." *Id*. The requested rate should be the prevailing rate in the community "for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Singer*. 2001 U.S. Dist. LEXIS 27106 at *6. (internal quotation marks omitted).

There is a strong presumption of the reasonableness of the lodestar amount. *Saizan v. Delta Concrete Prods. Co, Inc.*, 448 F.3d 795, 800 (5th Cir. 2006). "After calculating the lodestar, the court may decrease or enhance the amount based on the

**Page 2 of 11**
**Dustin Moore, et al. v. Performance Pressure Pumping Services, LLC, et al.**
**U.S.D.C. (W.D. Tex.) Case No. 5:15-cv-432-RCL, 5:15-cv-346-RCL**
**Motion for Award of Attorneys' Fees and Costs**

relative weights of the twelve factors set forth in [*Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717–719 (5th Cir. 1974)]". *Id*. Those factors are:

> (1) The time and labor required for the litigation; (2) the novelty and difficulty of the questions presented; (3) the skill required to perform the legal services properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the result obtained; (9) the experience, reputation and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*Johnson*, 488 F.2d at 707–719. A *Johnson* factor may not be used to adjust the lodestar if that factor is already taken into account by the lodestar. *Singer*. 2001 U.S. Dist. LEXIS 27106 at *7.

B.     Plaintiffs' Requested Lodestar

The lodestar amount of $173,356.50 requested by Plaintiffs is reasonable and represents an appropriate amount of attorney's fees to be awarded to Plaintiffs in this case. Attorneys for Plaintiffs maintained detailed contemporaneous records of their time spent working on this case. Declaration of Attorney Josh Sanford (hereinafter "Decl. Sanford") ¶ 26. ECF No. 168-1; Sanford Law Firm Invoice. ECF NO. 168-2. Each task reflected in the records was necessary to the successful resolution of this matter, and the time spent on each task was reasonable. Decl. Sanford ¶ 23, 27. A chart detailing the lodestar amounts for each individual attorney is set forth in ¶ 16 of Decl. Sanford.

As discussed below, the hourly rate utilized by Plaintiffs' attorneys is reasonable and in line with hourly rates for attorneys engaged in similar practices in the area of San Antonio, as well as rates previously awarded by district courts in the Western District, including the San Antonio Division. Plaintiffs' counsel took this information into

**Page 3 of 11**
**Dustin Moore, et al. v. Performance Pressure Pumping Services, LLC, et al.**
**U.S.D.C. (W.D. Tex.) Case No. 5:15-cv-432-RCL, 5:15-cv-346-RCL**
**Motion for Award of Attorneys' Fees and Costs**

consideration when setting the appropriate rates for purposes of calculating the lodestar in this case. Decl. Sanford ¶ 19–24.

C.      *Johnson* Factors

1.      *The time and labor required for the litigation*

As discussed above, counsel for Plaintiffs reviewed the records of hours worked by Plaintiffs' attorneys in this case, and made adjustments for unproductive, excessive or redundant time entries. Therefore, this factor was taken into account in determining the lodestar and cannot be used to again reduce the lodestar requested. In addition, all of the time worked by Plaintiffs' attorneys as reflected in the lodestar was reasonable and necessary to the advancement of this litigation. Decl. Sanford ¶ 23, 27. Therefore, this factor does not weigh in favor of a reduction of the lodestar.

2.      *The skill required to perform the legal services properly*

Labor and Employment law, which includes wage and hour case work is generally recognized as a "specialization," which justifies a higher than average rate. *See* State Bar of Texas Department of Research & Analysis 2015 Hourly Fact Sheet (hereinafter "Rate Report")[1] (establishing 2015 median hourly rate at $260.00 and labor/employment median hourly rate at $278.00.[2] Moreover, this case involved a collective action under Section 216 of the FLSA, which varies from the more typical Rule 23 class action in its notice and opt-in procedures in which each opt-in plaintiff is treated for all practical purposes as a named plaintiff. Attorneys for Plaintiffs, in fact,

---

[1]      While Plaintiffs do not necessarily agree with the specific rates represented in the Rate Report, discussed below, the Rate Report is useful for a discussion of overall trends in rates, such as which areas of practice support an overall higher or lower rate.
[2]      State Bar of Texas Department of Research & Analysis 2015 Hourly Fact Sheet; https://www.texasbar.com/AM/Template.cfm?Section=demographic_and_economic_trends&Template=/CM/ContentDisplay.cfm&ContentID=34182 (last viewed November 14, 2017).

**Page 4 of 11**
**Dustin Moore, et al. v. Performance Pressure Pumping Services, LLC, et al.**
**U.S.D.C. (W.D. Tex.) Case No. 5:15-cv-432-RCL, 5:15-cv-346-RCL**
**Motion for Award of Attorneys' Fees and Costs**

devote a significant part of their practice, both in terms of time and money, to FLSA-based claims. Decl. Sanford ¶ 5, 18. Therefore, this factor does not justify a downward deviation from the lodestar.

    *3.    The customary fee.*

In determining a reasonable rate for purposes of awarding attorney's fees, including fees in FLSA cases, courts may consider rates awarded in other cases. Case law confirms the reasonableness of the rates claimed by Plaintiffs' counsel. *See e.g.*, *Meesook v. Grey Canyon Family Med., P.A.*, 2014 U.S. Dist. LEXIS 143081, *9–10 (W.D. Tex. Oct. 8, 2014) (San Antonio Division FLSA case awarding hourly rates of $400 and $250); *Ransom*, 859 F. Supp.2d 856 (W.D. Tex. 2012) (Austin Division FLSA case noting the following rates: Partners $350 and $325; First-Year Associate $180.00); *Alvarez v. AMB-Trans Inc.*, SA-11-CV-179, Rodriguez, J. (W.D. Tex. 2011) (San Antonio Division case with $268.00 per hour for lead counsel and support attorney and $107.00 per hour for paralegal).

Where specialized areas of the law are concerned, "the national market may provide a reasonable hourly rate." *Baker v. John Morrell & Co.*, 263 F. Supp. 2d 1161, 1192 (N.D. Iowa 2003). Outside of the Western District, similar awards have been made. In the FLSA case *Little v. Tech. Specialty Prods. LLC*, the court awarded hourly rates of $495.00 to an attorney with approximately 40 years of experience and $375.00 to an attorney with 20 years of experience—both attorneys had expertise in labor and employment matters. 2014 U.S. Dist. LEXIS 105069 *16–18 (E.D. Tex. July 30, 2014). The court cited numerous cases with similar awards. *Id*. at *17–18.[3]

---

    3    *See also West v. Border Foods, Inc.*, 2007 U.S. Dist. LEXIS 43423, *6-7 (D. Minn. June

**Page 5 of 11**
**Dustin Moore, et al. v. Performance Pressure Pumping Services, LLC, et al.**
**U.S.D.C. (W.D. Tex.) Case No. 5:15-cv-432-RCL, 5:15-cv-346-RCL**
**Motion for Award of Attorneys' Fees and Costs**

Further, Plaintiffs' attorneys are familiar with the rates charged by attorneys in San Antonio and the hourly rates utilized are reasonable and in line with those rates, as well as rates previously awarded by district courts in the Western District of Texas. Decl. Sanford ¶ 20, 21.

Some courts have also look to the State Bar of Texas Department of Research & Analysis Hourly Fact Sheets for guidance. *See e.g.*, *Rodriguez v. Mech. Tech. Servs.*, 2015 U.S. Dist. LEXIS 164079, *17 (W.D. Tex. Dec. 8, 2015). According to the Rate Report, the 2015 median hourly rates for attorneys practicing labor/employment law in the San Antonio-New Braunfels area was $258.00 per hour, and the 2015 median hourly rates for attorneys in the San Antonio-New Braunfels area with sixteen to twenty years of experience was $284.00 per hour.[4] While the Rate Report may provide some guidance, it is not without its flaws. Particularly, the overall response rate for State Bar of Texas members was a mere 12.5%, and only 6.8% in the San Antonio-New Braunfels area. Nor does the Rate Report take into account the rates of attorneys practicing law in federal court or engaged in class litigation. *See DeHoyos v. Allstate Corp.*, 240 F.R.D. 269, 324-25 (W.D. Tex. 2007) (finding the following rates appropriate in a complex, national class action involving discrimination claims: $550 and $500 per hour for senior and lead counsel; between $475 and $350 per hour for other counsel and associate attorneys; between $200 and $130 for legal assistants, paralegals,

---

8, 2007) (FLSA case with attorney rates ranging from $550-$275 and a non-attorney rate of $125); *Chan v. Sung Yue Tung*, 2007 U.S. Dist. LEXIS 33883, *9-12 (S.D.N.Y. May 7, 2007) (FLSLA case: Senior Partner $450; Senior Associate $300; Associate $200; Law clerk/Pre-admitted law school graduate $100; Paralegal $50-$150); *Lenahan v. Sears, Roebuck & Co.*, 2006 U.S. Dist. LEXIS 60307, *65-66 (D.N.J. July 10, 2006) (FLSA case utilizing "mixed" hourly attorney rate of $353.63) (not designated for publication).

4        State Bar of Texas Department of Research & Analysis 2015 Hourly Fact Sheet; https://www.texasbar.com/AM/Template.cfm?Section=demographic_and_economic_trends&Template=/CM/ContentDisplay.cfm&ContentID=34182 (last viewed November 14, 2017).

**Page 6 of 11**
**Dustin Moore, et al. v. Performance Pressure Pumping Services, LLC, et al.**
**U.S.D.C. (W.D. Tex.) Case No. 5:15-cv-432-RCL, 5:15-cv-346-RCL**
**Motion for Award of Attorneys' Fees and Costs**

investigators and non-secretarial support staff). As noted above, even the national market may provide guidance. See *Baker*, 263 F. Supp. 2d at 1192. Accordingly, while the Rate Report may provide some guidance, it is by no means conclusive.

Plaintiffs' counsel took this information, as well as the skill and experience of its own attorneys and other *Johnson* factors, into consideration when setting the appropriate rates for purposes of calculating the lodestar in this case. Decl. Sanford ¶ 19–24. Therefore, neither an upward or downward adjustment to the lodestar would be appropriate in this case based on this factor.

4.      *Whether the fee is fixed or contingent.*

In this case, the contingent nature of the fee is captured in the hourly rate requested. Decl. Sanford ¶ 22–24; *See also Fox v. Pittsburg State Univ.*, No. 2017 U.S. Dist. LEXIS 97879, at *45 (D. Kan. June 26, 2017) (recognizing that while the "contingent nature of the fee does not justify enhancement of the lodestar *after* it has been calculated, . . . the contingency risk should be reflected in the lodestar in the form of a higher hourly rate for the attorney skilled and experienced enough to overcome" the financial risk of prosecuting a case on a contingency basis, "including delayed payment and the contingency fee agreement"). Therefore, this factor does not support a downward deviation from the lodestar.

5.      *The amount involved and the result obtained.*

Plaintiffs were able to obtain a judgment by default for all of their damages and liquidated damages representing the maximum value that the Plaintiffs could have received at trial. Therefore, this factor does not support a downward deviation from the lodestar.

**Page 7 of 11**
**Dustin Moore, et al. v. Performance Pressure Pumping Services, LLC, et al.**
**U.S.D.C. (W.D. Tex.) Case No. 5:15-cv-432-RCL, 5:15-cv-346-RCL**
**Motion for Award of Attorneys' Fees and Costs**

6. *The experience, reputation and ability of the attorneys.*

Plaintiffs' attorneys are experienced in FLSA-based litigation, and have represented individual plaintiffs, as well as classes on state-wide, regional and national levels, through both settlement and trial. Decl. Sanford ¶ 5, 6, 17, 18, 30. Attorney Josh Sanford has been practicing law full time since 2001 and is a founding member of Sanford Law Firm, PLLC, where he manages all other members of the firm, and he is licensed to practice in several courts. Decl. Sanford ¶ 2, 3, 6. Plaintiffs' other attorneys are also highly qualified. Decl. Sanford ¶ 17. The experience, reputation and ability of Plaintiffs' attorneys supports the lodestar amount requested.

7. *Awards in similar cases.*

Reasonable hourly rates for attorneys in similar cases are discussed above in relation to the "customary fee" awarded. More relevant to this topic, fee shifting is most important in cases where workers cannot afford to pay an attorney's normal rate and the damages are too low to yield a sufficient contingent fee. *See Estrella v. P.R. Painting Corp.*, 596 F. Supp. 2d 723, 727 (E.D.N.Y. 2009) (FLSA fee-shifting provision is "designed in part to secure legal representation for plaintiffs whose wage and hour grievances were too small, in terms of expected recovery, to create a financial incentive for qualified counsel to take such cases under conventional fee arrangements"). Indeed, if attorney's fees were limited by the amount of unpaid wages, the vast majority of FLSA violations in this nation would go un-vindicated because the economics would prevent workers from obtaining counsel.

"Given the nature of claims under the FLSA, it is not uncommon that attorney fee requests can exceed the amount of judgment in the case by many multiples." *Howe v.*

**Page 8 of 11**
**Dustin Moore, et al. v. Performance Pressure Pumping Services, LLC, et al.**
**U.S.D.C. (W.D. Tex.) Case No. 5:15-cv-432-RCL, 5:15-cv-346-RCL**
**Motion for Award of Attorneys' Fees and Costs**

*Hoffman-Curtis Partners Ltd., LLP*, 215 Fed. Appx. 341, 342 (5th Cir. 2007) ($23,357.30 in damages and $129,805.50 in attorney's fees) (citing *Fegley*, 19 F.3d at 1134-35 ($7,680 in overtime compensation and $40,000 in attorneys' fees.).[5] Especially in the civil rights context, reducing fees based on the amount of damages awarded is inappropriate, and courts have specifically rejected a "proportionality" approach. *Singer*, 2001 U.S. Dist. LEXIS 27106 at *10. This rule is equally applicable to the FLSA. *Id*. "[I]n a lawsuit initiated under the FLSA an attorney's failure to obtain every dollar sought on behalf of his client does not automatically mean that the modified lodestar amount should be reduced," and "it is common for FLSA attorneys' fees awards to significantly exceed the amount the plaintiff recovers in unpaid wages." *Meesook v. Grey Canyon Family Med., P.A.*, 2014 U.S. Dist. LEXIS 143081, at *4 (W.D. Tex. Oct. 8, 2014).[6]

D.    Costs and Expenses

Section 216(b) of the FLSA also provides for an award of costs to a prevailing plaintiff. 29 U.S.C. § 216(b); *See also* Rule 54(d) (allowing an award of costs to a prevailing party). Recoverable costs are identified in 28 U.S.C. § 1920. Further, courts have generally held that cost awards under fee-shifting statutes may encompass all reasonable out-of-pocket expenses. *Shorter v. Valley Bank & Trust Co.*, 678 F. Supp.

---

[5]    *See also Cox v. Brookshire Grocery Co.*, 919 F.2d 354, 358 (5th Cir.1990) ($1,181 in damages and $9,250 in fees.); *Bonnette v. Cal. Health & Welfare*, 704 F.2d 1465, 1473 (9th Cir.1983) ($18,455 in damages and $100,000 in fees.); *see also, e.g., Lucio-Cantu v. Vela*, 239 Fed. Appx. 866 (5th Cir. 2007) ($3,349.29, $1,296.00, and $52.50 in damages for three plaintiffs and $51,750.00 in fees); *Orozco v. Plackis* 1:11-cv-00703, Lane, M. (W.D. Tex. June 13, Aug. 8, Sept. 18, 2013) (granting $69,521.29 in damages and $120,326.00 in fees to date, and deferring ruling on additional fees pending appeal); *Albers v. Tri-State Implement, Inc.*, 2010 U.S. Dist. LEXIS 23450, *66-86 (D.S.D. Mar. 12, 2010)($2,137.97 in damages and $43,797.00 in fees); *Heder*, 255 F. Supp. 2d at 962 ($3,540.00 in damages and $36,204.88 in fees).

[6]    *See also* Findings, Conclusion, and Recommendation of the United States Magistrate Judge, Page 14, *Robinson v. Nexion Health at Terrell Inc.*, 3:12-CV-3853-L-BK, Doc. No. 94 (N.D. Tex.) (recognizing that courts have "often approved fee awards that exceed damages") (string citing cases) (ECF No. 12).

**Page 9 of 11**
**Dustin Moore, et al. v. Performance Pressure Pumping Services, LLC, et al.**
**U.S.D.C. (W.D. Tex.) Case No. 5:15-cv-432-RCL, 5:15-cv-346-RCL**
**Motion for Award of Attorneys' Fees and Costs**

1518 1523, 30 WH Cases 334 (D. Kan. 1991); *Walton v. United Consumers Club*, 786 F. 2d 303, 316, 27 WH Cases 962 (7th Cir. 1986). "Reimbursement for travel, meals, lodging, photocopying, long-distance phone calls, computer legal research, postage, courier service, mediation, exhibits, document scanning, and visual equipment are the types of litigation expenses that are recoverable under the FLSA as part of an attorneys' fee award." *Alex v. KHG of San Antonio, LLC*, 125 F. Supp. 3d 619, 630 (W.D. Tex. 2015).[7]

Plaintiff seeks $12,832.75 in costs. An invoice (ECF No. 168-2) detailing the costs is attached. The amount is correct and was necessarily incurred, and the services giving rise to the costs were actually and necessarily performed. *See* 28 U.S.C. § 1924; Decl. Sanford ¶ 33–35. Each cost is described sufficiently to demonstrate that the cost was necessary. Accordingly, Plaintiffs request an award of all costs.

---

[7] *See also Rouse v. Target Corp.*, 181 F. Supp. 3d 379, 392 (S.D. Tex. 2016); *Mancia v. JJ Chan Food, Inc.*, 2016 U.S. Dist. LEXIS 113134, at *12-14 (N.D. Tex. June 21, 2016) (Stickney, M.J.) (adopted at *Mancia v. JJ Chan Food, Inc.*, 2016 U.S. Dist. LEXIS 112591 (N.D. Tex. Aug. 24, 2016)).

**Dustin Moore, et al. v. Performance Pressure Pumping Services, LLC, et al.**
**U.S.D.C. (W.D. Tex.) Case No. 5:15-cv-432-RCL, 5:15-cv-346-RCL**
**Motion for Award of Attorneys' Fees and Costs**

Respectfully submitted,

**DUSTIN MOORE, ROY LEWIS, JOSH BLASCHKE, JUSTIN BLASCHKE, JULIO MORENO and JUSTIN HERRERA, Each Individually and on behalf of All Others Similarly Situated, PLAINTIFFS**

SANFORD LAW FIRM, PLLC
One Financial Center
650 South Shackleford, Suite 411
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040

By:     */s/ Josh Sanford*
        Josh Sanford
        Tex. Bar No. 24077858
        josh@sanfordlawfirm.com

**Page 11 of 11**
**Dustin Moore, et al. v. Performance Pressure Pumping Services, LLC, et al.**
**U.S.D.C. (W.D. Tex.) Case No. 5:15-cv-432-RCL, 5:15-cv-346-RCL**
**Motion for Award of Attorneys' Fees and Costs**